UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESPER FRENCH,

        Plaintiff,

                                        Case No.12-cv-12835
                                        HON. GERSHWIN A. DRAIN

vs.


COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/


**<u>ORDER ACCEPTING REPORT AND RECOMMENDATION (#16), OVERRULING PLAINTIFF'S OBJECTIONS (#17), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 14), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (# 12), AND DISMISSING PLAINTIFF'S CLAIMS</u>**

**I.    INTRODUCTION**

      This matter is before the court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Esper French's claim for judicial review of Defendant Commissioner of Social Security's denial of her application for disability insurance benefits and supplemental security income benefits. The matter was referred to Magistrate Judge Laurie J. Michelson, who issued a Report and Recommendation on March 12, 2013, recommending that Plaintiff's Motion for Summary Judgment be denied, Defendant Commissioner's Motion for Summary Judgment be granted, and the Commissioner's findings and conclusions be affirmed. For the reasons that follow, the Court ACCEPTS Magistrate Judge Michelson's recommendation.

**II.     ANALYSIS**

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  *See* 42 U.S.C. § 405(g).  Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  *Id.*  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole."  *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Plaintiff applied for disability insurance benefits and supplemental security income on November 5, 2008, alleging a disability onset date of January 2, 2006.  Plaintiff argues that she cannot work due to depression, gender dysphoria and deafness.  The ALJ determined that Plaintiff could perform her past work as a general laborer, therefore she was not disabled as defined by the Social Security Act.

Upon review of the administrative record, the parties' briefing and the Report and Recommendation, the Court finds that the Magistrate Judge reached the correct conclusion that substantial evidence supported the ALJ's decision.

Plaintiff objects to the Magistrate Judge's characterization of the issues surrounding her hearing aids. As an initial matter, Plaintiff's objections basically raise the same arguments contained in her Motion for Summary Judgment. The Magistrate Judge thoroughly and thoughtfully analyzed Plaintiff's hearing impairment. Contrary to Plaintiff's assertion, the Magistrate Judge did not draw an adverse inference based on Plaintiff's alleged refusal to wear hearing aids. Rather, the Magistrate Judge correctly found that it was appropriate for the ALJ to consider Plaintiff's failure to seek emergency room treatment or other low cost healthcare options as evidence that Plaintiff's hearing loss was not as severe as Plaintiff claimed. *See Hashemi v. Comm'r of Soc. Sec.*, No. 11-13629, 2012 WL 3759033, at *13 (E.D. Mich. Aug. 6, 2012). Plaintiff's objection is unpersuasive and fails to establish that the ALJ's decision was not based on substantial evidence in the record.

Plaintiff's next objection is that the Magistrate Judge overlooked the ALJ's improper finding that Plaintiff's mental issues did not amount to a severe impairment. As the Magistrate Judge correctly concluded, the ALJ did not ignore Plaintiff's mental health issues. The ALJ properly considered Plaintiff's mental health in reaching his conclusion. As Plaintiff points out in her objections, the ALJ provided a "recitation of an entire litany of mental health issues and impairment-related events." Objs. at 2. The ALJ reasonably concluded that Plaintiff had worked for years at the same level of depression, and had not undergone mental health treatment since the alleged onset of disability. The ALJ also noted that despite her mental impairments, Plaintiff was able to perform household tasks such as cooking and cleaning, engage in social activities with her roommates, and was involved in a variety of community groups, support centers and church. Thus, substantial evidence supports the ALJ's conclusion that Plaintiff did not have a severe impairment stemming from her mental health issues.

Therefore, based on the foregoing reasons, the Court overrules Plaintiff's objections and ACCEPTS the Magistrate Judge's recommendation to affirm the decision of the Commissioner under 42 U.S.C. § 405(g).

### III. CONCLUSION

Accordingly, Plaintiff's objections are OVERRULED. Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Laurie Michelson's March 12, 2013 Report and Recommendation, GRANTS Defendant Commissioner's Motion for Summary Judgment [#14], DENIES Plaintiff Esper French's Motion for Summary Judgment [#12] and DISMISSES Plaintiff's Complaint with prejudice.

SO ORDERED.

Dated: April 19, 2013

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 19, 2013, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk